UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-60685-BLOOM

ANNETTE CAVE,

    Plaintiff,

v.

BROWARD SHERIFF OFFICE, et.al.,

    Defendants.

_____/

## BROWARD COUNTY STATE ATTORNEY'S OFFICE'S MOTION TO DISMISS AMENDED COMPLAINT [D.E. #14] AND MEMORANDUM OF LAW

Defendant, the OFFICE OF THE STATE ATTORNEY FOR THE 17TH JUDICIAL CIRCUIT OF BROWARD COUNTY, FLORIDA (hereinafter "Broward County State Attorney's Office"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Amended Complaint [D.E. #14] with prejudice, and would state as follows:

### RELIEF REQUESTED

The Broward County State Attorney's Office requests that this Court dismiss the Amended Complaint with prejudice on the basis of: (I) Plaintiff's failure to state a claim upon which relief may be granted, (II) that this action is barred by the Eleventh Amendment of the United States Constitution, (III) the fact that the Broward County State Attorney's Office, is not a person within the meaning of 42 U.S.C. §1983, (IV) the Broward County State Attorney's Office is entitled to Absolute Prosecutorial Immunity, (V) there is no Common-Law Duty for a government entity to enforce the law for the benefit of an individual, (VI) the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine and/or the Younger doctrine, and (VII) that the Motion to Dismiss should be granted with prejudice.

## STATEMENT OF THE CASE

The Plaintiff filed her Complaint on March 30, 2018 naming as Defendants, the Broward County Sheriff's Office and the Wilton Manors Police Department. On April 23, 2018 the Plaintiff filed her Motion to Join Party seeking to add as a Defendant the Broward County's State Attorney's Office. Plaintiff then filed her Amended Complaint [DE#14] and served it on Broward County's State Attorney's Office. It appears from the Amended Complaint that the Plaintiff is alleging that during the month of January 2018 her civil rights were violated when she was arrested and is being prosecuted for trespassing with warning [DE#14, paragraph 17] on a property she either owned or occupies [DE#14, paragraph 22]. Plaintiff also claims that that all the Defendants violated codes of ethics and have conflicts of interests [DE#14, paragraph 5 and 46].

## MEMORANDUM OF LAW

**STANDARD FOR MOTION TO DISMISS**

In deciding a motion to dismiss, a court may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346 (S.D. Fla. 2004) *citing* Crowell v. Morgan, Stanley, Dean Witter Servs. Co., 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000).

The pleading must contain something more than…a statement of facts that merely creates a suspicion of a legally cognizable right of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 555. Plaintiff has an obligation to provide the "grounds" of his or her entitlement to relief and requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. at 555 *citing* Papasan v. Allain, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

A district court should grant a motion to dismiss unless the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This is so because the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft, 556 U.S. 662.

While courts liberally construe a pro se litigant's pleadings and hold them to a less stringent standard than those drafted by attorneys, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) *citing* Fernandez v. U.S., 941 F.2d 1448 (11th Cir. 1991), this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. Giles v. Wal-Mart Distribution Ctr., 359 F. App'x 91, 93 (11th Cir. 2009) *citing* GJR Investments, Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). A Pro Se litigant is required to comply with the Federal Rules of Civil Procedure. Giles, 359 F. App'x 91.

A review of the Amended Complaint [DE#14] in this case reflects that the supposed allegations against the Broward County State Attorney's Office merely creates a suspicion of some legally cognizable right of action. There are no facts alleged in the Amended Complaint that create a semblance of a cause of action. Therefore, the Plaintiff's Amended Complaint [DE#14] should be dismissed.

I.     **FAILURE TO STATE A CAUSE OF ACTION**

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction… (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8. The pleading standard Fed. R. Civ. P. 8 announces does not require "detailed factual allegations," but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Ashcroft, 556 U.S. at 678 *citing* Bell Atlantic Corp., 550 U.S. 544.  Furthermore, Fed. R. Civ. P. 10(b) requires a party to "state its claims…in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Here, pro se Plaintiff's Amended Complaint [D.E. #14] paragraphs 15, 16, 23, 35 and 40 fails to set forth any factual allegations against the State Attorney's Office that can amount to a violation of her civil rights pursuant to 42 U.S.C. § 1983. The Broward County State Attorney's Office is not sure what cause of action the Plaintiff is asserting. The Broward County State Attorney's Office is unable to response in any meaningful way to this Amended Complaint. The Amended Complaint as now structured, makes it impossible to comprehend what causes of action Plaintiff is pursuing against the Broward County State Attorney's Office and the Broward County State Attorney's Office should not be left to guess.  This obviously puts an unfair and ultimately prejudicial burden on any defendant's right to defend itself against a lawsuit. Even if the Court were to liberally construe pro se Plaintiff's pleadings [D.E. #1 and D.E. #14], the Plaintiff has failed to state a valid cause of action against the Broward County State Attorney's Office and this action should be dismissed with prejudice.

## II.    ELEVENTH AMENDMENT IMMUNITY

This action against the Broward County State Attorney's Office is barred by the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment bars any suit against an agency of the State of Florida: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI. The immunity is an absolute bar to suits for damages by an individual against a state or its agencies in federal court.  Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986), citing Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).

The United States Supreme Court has held that this immunity extends to suits against a state or its agencies by citizens of that same state. Hans v. Louisiana, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). The Broward County State Attorney's Office is also entitled to Eleventh Amendment Immunity.

### III.     FAILURE TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. ' 1983

The Broward County State Attorney's Office in its official capacity, is not a person within the meaning of 42 U.S.C. §1983. 42 U.S.C.§ 1983 states: "Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (Emphasis added). Neither a State nor its officials acting in their official capacities are persons under 42 U.S.C. § 1983, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

In order to state a cause of action under 42 U.S.C. § 1983, the Plaintiff must allege that the Defendant deprived him of a right, privilege or immunity secured by the Constitution or the laws of the United States, and that the Defendant acted under color of state law. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985). 42 U.S.C. § 1983 actions require proof which will indicate an affirmative causal connection between the state actor's conduct and the alleged deprivation of a constitutional right. See e.g. Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982). Some factual detail in the pleadings is necessary to the adjudication of 42 U.S.C. § 1983 claims and this is particularly true in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. GJR Investments, Inc., 132 F.3d at 1367.

The Broward County State Attorney's Office is a state agency for the State of Florida. The Amended Complaint is completely devoid of allegations of an affirmative causal connection between the Broward County State Attorney's Office and Plaintiff's violation of her civil rights, her "false arrest" and her "false prosecution. Thus, the Plaintiff's Amended Complaint [DE#14] should be dismissed in its entirety with prejudice.

## IV. ABSOLUTE PROSECUTORIAL IMMUNITY

The Broward County State Attorney's Office is entitled to absolute prosecutorial immunity. Prosecutors are immune from civil suit for money damages under 42 U.S.C. §1983 for acts in connection with initiating a prosecution unless they are acting outside the scope and territorial jurisdiction of their office. Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). In the case at bar, the Plaintiff is suing the Broward County State Attorney's Office because it is prosecuting her in a criminal case. Plaintiff has failed to set forth factual allegations that would subject Broward County State Attorney's Office to suit. This case should be dismissed.

## V. THERE IS NO COMMON-LAW DUTY FOR A GOVERNMENT ENTITY TO ENFORCE THE LAW FOR THE BENEFIT OF AN INDIVIDUAL

In Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912 (Fla. 1985), the Florida Supreme Court made clear that "there is not now, nor has there ever been, any common-law duty for either a private person or a governmental entity to enforce the law for the benefit of an individual or a specific group of individuals. In addition, there is no common-law duty to prevent the misconduct of third persons." Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928 (Fla. 2004). In Pollock, the Florida Supreme Court held that "responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual, unless an official assumes a special duty with regard to that person." Id. at 935.

The Plaintiff's Amended Complaint is devoid of any allegation(s) that the Broward County

State Attorney's Office undertook a special duty of care to enforce the law for Plaintiff's personal benefit. Consequently, the amended complaint failed to state a cause of action against the Broward County State Attorney's Officeand should be properly dismissed with prejudice.

### VI. ROOKKER -FELDMAN DOCTRINE

The Plaintiff's proper course of action to dispute an order entered by the Judge and any and all other orders is by way of exercising his or her right to appeal.

"Under the Rooker–Feldman doctrine, federal district courts lack subject matter jurisdiction to review final state court decisions." Nivia v. Nation Star Mortg., LLC, 620 F. App'x 822 (11th Cir. 2015). See Nicholson v. Shafe, 558 F.3d 1266, 1270–72 (11th Cir. 2009).

Since "lower federal courts possess no power whatever to sit in direct review of state court decisions" a plaintiff is barred to go before a federal court to challenge a state court judge's order. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), quoting Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 90, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970). The correct avenue to challenge an adverse judgment is by appealing to the state court appellate level. See Town of Hopkins, S. C. *at* 1219. "… [I]f a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in *any court* (except, of course, for appeals by right)." Zikofsky v. Mktg. 10, Inc., 904 So. 2d 520, 523 (Fla. Dist. Ct. App. 2005).

To the extent that there may be a State Court proceeding still ongoing, the Younger Abstention doctrine applies. Younger v. Harris, 401 U.S. 37 (1971). "Federal courts abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise

constitutional challenges in those proceedings." Daniels v. Geraldi, 578 F. App'x 811 (11th Cir. 2014) citing to 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

The Younger abstention is applied in civil proceedings that "vindicate important state interests or are necessary for the state's judicial system to function". Watson at *1. See also 31 Foster Children, 329 F.3d at 1274.

Federal courts should abstain from intervention in "a civil proceeding involving an order that uniquely furthers the state's ability to perform judicial functions." Watson at *1 quoting Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 134 S. Ct. 584, 591–92, 187 L. Ed. 2d 505 (2013).

There are three prongs which, when met, would permit abstention. The "state judicial proceedings must be ongoing, the proceedings must implicate important state interests, and the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state proceedings". Watson *at* *1, *quoting* 31 Foster Children, 329 F.3d 1255.

When analyzing the test, the court will look to whether the relief sought would disrupt and interfere with the state court action, regardless "if the relief sought would not terminate an ongoing proceeding". Watson at *1, quoting 31 Foster Children, 329 F.3d 1255. While there is a presumption that the state appellate proceedings would be sufficient to the Plaintiff's claim for relief, the Plaintiff is required to put forth evidence that the available state proceeding would not properly address his relief requested. Watson at *2.

Prior to involving the Federal District Courts, a plaintiff is required to first seek and exhaust his state appellate relief." City of Columbus v. Leonard, 443 U.S. 905, 908, 99 S. Ct. 3097, 61 L. Ed. 2d 872 (1979). The existence of state appellate levels precludes this action in federal court. An action may only be permitted in federal court "where there is no state forum available to vindicate federal interests" and "when the case calls for the interpretation of federal

law" See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270, 274, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997).

In this case, the Plaintiff's Amended Complaint fails to state whether or not the Plaintiff was convicted or not of the alleged charges stemming from the issuance of a "capias" [DE#14, paragraph 2]. However, to the extent that there might have been or there is an ongoing criminal case in the State Court system, the Rooker- Feldman and/or the Younger doctrines applies and this cause of action should be dismissed.

## VII. DISMISSAL SHOULD BE WITH PREJUDICE.

Dismissal with prejudice "operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation" of them. Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995) The standard for dismissing a complaint with prejudice is high: "dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir. 1996)

Amendment would be futile in this case because no matter how Plaintiff may try to amend his Complaint, the underlying facts could not defeat prosecutorial immunity, or state cognizable causes of action. Leave to amend would not salvage the Amended Complaint, but would instead serve only to prolong this baseless litigation.

## CONCLUSION

The Pro Se Plaintiff's Amended Complaint [D.E. #14] should be dismissed for the following reasons:  the Plaintiff has failed to state a claim upon which relief may be granted, this action is barred by the Eleventh Amendment of the United States Constitution, the Broward County State Attorney's Office is not a person within the meaning of 42 U.S.C. §1983 and is entitled to Absolute Prosecutorial Immunity.

**WHEREFORE**, Defendant, OFFICE OF THE STATE ATTORNEY FOR THE 17TH JUDICIAL CIRCUIT, BROWARD COUNTY, FLORIDA respectfully requests that this Court enter an order dismissing the Plaintiff's Amended Complaint [D.E. #14].

> Respectfully submitted,
>
> PAMELA JO BONDI
> FLORIDA ATTORNEY GENERAL
> Maria Guitian Barker
> Fla. Bar No. 813966
> Assistant Attorney General
> Attorney for the Office of the State Attorney for Broward County, 17th Judicial Circuit
> OFFICE OF ATTORNEY GENERAL
> Civil Litigation Division
> 110 SE 6th Street, 10th Floor
> Fort Lauderdale FL  33301-5001
> Telephone:     (954) 712-4600
> Fax:                (954) 527-3703
>  E-mail: Maria.GuitianBarker@myfloridalegal.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to Annette Cave, 2364 Wilton Drive, Wilton Manors, Florida 33305 and via email to divinewillpublishing@gmail.com on this 14th day of May 2018.

> /s/ Maria Guitian Barker
> Maria Guitian Barker
> Assistant Attorney General